**TOOLS USA AND EQUIPMENT COMPANY, Plaintiff,**

v.

**CHAMP FRAME STRAIGHTENING EQUIPMENT, INC., Defendant.**

**No. 2:93CV00137.**

United States District Court, M.D. North Carolina, Greensboro Division.

Sept. 17, 1993.

Jack W. Floyd, Robert Vickers Shaver, Jr., Floyd, Allen and Jacobs, Greensboro, NC, for plaintiff.

Thomas M. Clare, Richard Lee Pennington, Teague, Campbell, Dennis & Gorham, Raleigh, NC, for defendant.

*MEMORANDUM OPINION*

OSTEEN, District Judge.

This case is before this court on Defendant's Amended Motion to Dismiss or For Change of Venue filed May 10, 1993. For the reasons stated below, Defendant's motions are denied.

## I. PROCEDURAL HISTORY

Plaintiff Tools USA and Equipment Company filed this action on March 8, 1993, alleging trade dress infringement, unfair competition, and unfair or deceptive trade practices by Defendant Champ Frame Straightening Equipment, Inc. On April 20, 1993, Defendant filed an Answer and Motion for Change of Venue. Defendant then moved for an extension of time to file supporting documents and a brief in support of its Motion for Change of Venue. An extension of time to file such documents was granted by Order of Magistrate Judge P. Trevor Sharp filed April 30, 1993. Defendant then filed an Amended Answer and Motion to Dismiss or for Change of Venue with accompanying brief on May 10, 1993. Plaintiff responded in opposition on May 20, 1993.

## II. ANALYSIS

### A. Defendant's Motion to Dismiss for Improper Venue

■ The issue before this court regarding Defendant's Motion to Dismiss for improper venue is whether Defendant corporation "resides" within this district pursuant to the meaning of 28 U.S.C. § 1391(b) and (c).[1]

When subject matter jurisdiction is based on a federal question claim rather than on a diversity of citizenship claim, federal venue is proper in the following districts:

(1) [A] judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Moreover, a defendant corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Thus, under the current statute a defendant corporation "resides" (for venue purposes) wherever it is subject to personal jurisdiction.[2]

■ Although subdivision (c) of § 1391 was amended in 1988 to read as stated above, the "doing business" test authorized by the earlier statute has survived as a determination of proper federal venue. While three different standards for "doing business" have been articulated by various courts,[3] this district adopted the "modified jurisdiction" test in *Southern Pride, Inc. v. Turbo Tek Enterprises, Inc.*, 117 F.R.D. 566 (M.D.N.C.1987). This district explained:

[T]he modified jurisdiction test strikes a fair balance between the pro-plaintiff jurisdiction test and the pro-defendant licensing test. Under the modified jurisdiction test, a plaintiff can sue a corporate defendant wherever that defendant conducts continuous and systematic business. As a result, a plaintiff can select, in most cases, a forum that, from the plaintiff's viewpoint, is reasonably convenient. A plaintiff is not relegated, in most cases, to suing in the defendant's home forum. At the same time, the defendant does not suffer the inconvenience of having to defend a case in a forum where the defendant has only isolated or casual contacts.

*Id.* at 575. Thus, a defendant corporation who "conducts continuous and systematic business" in this district is subject to federal venue in this district.

---

1. Having found that Defendant does "reside" within this district for the purposes of venue, this court need not reach the issue of whether "a substantial part of the events" constituting this cause of action arose within this district. *See* 28 U.S.C. § 1391(b)(2).

2. The former statute provided that a defendant corporation "may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." 28 U.S.C. § 1391(c).

3. This district considered the substance and rationale of the three standards at length in Senior District Judge Gordon's opinion in *Southern Pride, Inc. v. Turbo Tek Enterprises, Inc.*, 117 F.R.D. 566 (M.D.N.C.1987). This court notes, as Judge Gordon noted in *Southern Pride*, that the Fourth Circuit has not articulated a specific test for "doing business" venue. *See id.* at 575 n. 7.

Notably in *Southern Pride,* also a trade dress infringement case, the court determined "without hesitation" that the defendant infringer had continuous and systematic contacts with North Carolina where the defendant operated a mail order business that "received and honored mail orders from North Carolinians." *Id.* at 577, 578. The court also considered that North Carolina accounts represented 3.6% of the defendant's total sales for the last year and that the defendant had a personal sales representative residing in North Carolina as it denied defendant's motion to dismiss. *Id.*

In the case before this court, Defendant has admitted to operating a mail order business which mails publications for automobile garage equipment to North Carolina and every other state. (Sarah Doughty Aff. at 2.) Defendant also stated that customers in North Carolina constitute 2.5 to 3.0% of the total national circulation of these publications and that in the calendar year of 1992, sales in North Carolina represented 1.0 to 1.5% of Defendant's sales. (Aff. at 2–3.)

Although Defendant states that it does not have an employee, sales representative, or agent residing in North Carolina, the striking similarities of the present case and *Southern Pride* warrant a finding by this court that Defendant is "doing business" within this district in a continuous and systematic manner.[4] Thus, federal venue is proper in this district and Defendant's motion to dismiss for improper venue will be denied.

**B. Defendant's Motion for Change of Venue**

■ The issue before this court regarding Defendant's Motion for Change of Venue is whether it is within the interest of justice or more convenient to the parties that venue be transferred to the Central District of California. 28 U.S.C. § 1404(a).

■ Section 1404(a) of Title 28 of the United States Code provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The Fourth Circuit has recognized that a change of venue requires a weighing of factors and that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.,* 748 F.2d 916, 921 (4th Cir.1984) (quoting *Gulf Oil v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1946)). In fact, because resolution of a motion to transfer rests within the sound discretion of the district court, the court should refrain from transferring venue if to do so would simply shift the inconvenience from one party to another. *Commercial Equip. Co. v. Barclay Furniture Co.,* 738 F.Supp. 974, 976 (W.D.N.C.1990).

Among the factors to consider in a motion to transfer venue are the plaintiff's initial choice of venue, residence of the parties, ease of proof, availability of compulsory process, costs of obtaining attendance of willing witnesses, expeditious and inexpensive trial, and the interest of localized litigation. *Id.* at 976.

In the present case, transferring venue to the Central District of California will merely shift the inconveniences of location of trial to Plaintiff who chose to have its case heard in this district. Furthermore, as discussed above, Defendant "resides" within this district and availed itself to suit by virtue of "doing business" here. While Defendant has notified the court of one witness from California which it expects to call at trial, all other statements by Defendant express in-

---

4. This court notes that Defendant in the present case would "reside" in this district under the current venue statute (governed by personal jurisdiction) since it "resides" in this district under the traditional analysis stated above. In the Fourth Circuit, personal jurisdiction is a two-step process: (1) determining whether the long arm statute confers jurisdiction; and (2) ensuring that the exercise of statutory power does not violate the due process clause of the United States Con-

stitution. *Vishay Intertechnology, Inc. v. Delta Int'l Corp.,* 696 F.2d 1062, 1064 (4th Cir.1982). This court notes that a personal jurisdiction analysis would reach a broader number of defendants than the traditional "doing business" test. Thus, venue is proper in this case under the strict language of the current venue statute as well as under the "doing business" analysis adopted by this district in *Southern Pride.*

conveniences with this forum which arise simply because it is a California corporation with employees and officers in that state. Finally, Plaintiff has a supplemental state claim attached to this suit (unfair or deceptive trade practices) which is based solely on North Carolina law. Because the state has a legitimate interest in governing businesses incorporated, licensed, or doing business within its borders, this case will remain in this district.

For these reasons, Defendant's Motion for Change of Venue will be denied.