**WALTER KIDDE PORTABLE EQUIPMENT INC.,**
**Plaintiff,**

**v.**

**UNIVERSAL SECURITY INSTRUMENTS, INC.,**
**Defendant.**

**No. CIV.1:03 CV 00537.**

United States District Court, M.D. North Carolina.

Jan. 23, 2004.

Charles A. Burke, Christopher G. Daniel, Womble Carlyle Sandridge & Rice, Winston–Salem, NC, Albert L. Underhill, William F. McIntyre, Jr., Merchant & Gould, P.A., Minneapolis, MN, for plaintiff/counter–defendant.

James Lee Lester, Maccord Mason, PLLC, Greensboro, NC, Jeffrey L. Wilson, Gregory Allen Hunt, Jenkins Wilson & Taylor, P.A., Durham, NC, for defendants/counter–claimant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Plaintiff Walter Kidde Portable Equipment Inc. ("Kidde") filed this action alleging one count of patent infringement against Defendant Universal Security Instruments, Inc. ("USI"). USI has moved to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or alternatively to transfer venue to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a).

For the following reasons, the court will deny both of USI's motions.

### FACTS

Kidde and USI sell various home safety products including smoke detectors. Kidde is a Delaware corporation with its principal place of business in Mebane, North Carolina. Its smoke detectors are marketed, distributed, and sold from Kidde's Mebane office. USI is incorporated and located in Maryland. USI's smoke detectors are marketed and sold in North Carolina through distributors in Knightdale, Aberdeen, and Concord. USI also offers its products for sale on an interactive website.

The smoke detector at issue is the subject of U.S. Patent No. 4,972,181 ("the '181 patent"). In its complaint, Kidde alleges that it is the current owner of the '181 patent. Kidde further claims that USI's smoke detector models SS–790 and SS–795 infringe the '181 patent. These allegedly infringing smoke detectors have been sold in the Middle District of North Carolina.

### DISCUSSION

I. Motion to Dismiss for Improper Venue

In patent cases, venue is governed by 28 U.S.C. § 1400(b). This statute provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). USI does not have a regular and established place of business in North Carolina, so the relevant inquiry is whether USI "resides" in North Carolina. As amended in 1988, the general venue statute, 28 U.S.C. § 1391(c), states that a corporate defendant resides in any district in which it is subject to personal jurisdiction at the time the suit is filed. 28 U.S.C.

§ 1391(c). The United States Court of Appeals for the Federal Circuit has determined that this residence standard also applies to the patent venue statute. *See VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1584 (Fed.Cir. 1990). Therefore, venue is proper in this case if North Carolina can exercise personal jurisdiction over USI.

■ The court applies Federal Circuit, rather than Fourth Circuit, law to determine personal jurisdiction in patent cases. *See Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.,* 297 F.3d 1343, 1348 (Fed.Cir.2002). Under the controlling law, "[p]ersonal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating due process." *3D Sys., Inc. v. Aarotech Labs., Inc.,* 160 F.3d 1373, 1376–77 (Fed.Cir.1998). Thus, the court first must determine whether the North Carolina long-arm statute authorizes jurisdiction, then must examine whether the exercise of jurisdiction under the statute complies with the requirements of due process.[1] *See Genetic Implant Sys., Inc. v. Core–Vent Corp.,* 123 F.3d 1455, 1458 (Fed.Cir.1997).

■ North Carolina General Statute § 1–75.4 details the circumstances in which personal jurisdiction is permitted over out-of-state defendants. *See generally* N.C. Gen.Stat. § 1–75.4. Courts applying the statute should construe its provisions liberally in favor of finding jurisdiction. *See Vishay Intertechnology, Inc. v. Delta Int'l Corp.,* 696 F.2d 1062, 1065 (4th Cir.1982). In this case, personal jurisdiction is authorized by the long-arm statute because USI's sale and solicitation of allegedly infringing products in

North Carolina caused an in-state injury. *See* N.C. Gen.Stat. § 1–75.4(4) (granting personal jurisdiction when foreign act causes local injury); *see also Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1571 (Fed.Cir.1994) (concluding that an out-of-state defendant that shipped infringing goods into Virginia was subject to personal jurisdiction under the "local injury-foreign act" provision of Virginia's long-arm statute); *Akeva L.L.C. v. Mizuno Corp.,* 199 F.Supp.2d 336, 339 (M.D.N.C.2002) (finding that N.C. Gen.Stat. § 1–75.4(4) authorized personal jurisdiction over out-of-state seller of infringing goods).

■ The exercise of personal jurisdiction also must comply with the requirements of due process. The Federal Circuit has established that: "whether an exercise of personal jurisdiction satisfies due process in a patent case depends on three factors: (1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair'." *Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1201–02 (Fed.Cir.2003) (quoting *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1360 (Fed.Cir.2001)). An analysis of these factors reveals that personal jurisdiction in this case does not offend due process.

First, by selling its allegedly infringing smoke detectors through two distributors in this district and by offering the smoke detectors for sale on its interactive website, USI has purposefully directed its activities to residents of North Carolina.

---

1. A federal district court in North Carolina has personal jurisdiction over a nonresident defendant only if the North Carolina state court would have personal jurisdiction, even

when the cause of action is purely federal. *See* Fed.R.Civ.P. 4(e); *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1569 (Fed.Cir.1994).

See 3D Sys., 160 F.3d at 1378 (finding alleged infringer purposefully directed his activities at forum state by sending promotional letters, soliciting orders, and issuing price quotations); *N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1580 (Fed.Cir.1994) (reasoning that placing a substantial quantity of infringing articles into the stream of commerce and contracting with distributors to sell the products in the forum state constituted "purposeful" activity directed at the state).

Second, Kidde's cause of action is patent infringement, which occurs when one "without authority makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a). Kidde's claim arises out of USI's sales and marketing of smoke detector models SS–790 and SS–795 in North Carolina. This is sufficient to meet the second prong of the analysis. *See 3D Sys.*, 160 F.3d at 1379 (explaining that plaintiff's claim fulfilled the second prong of the personal jurisdiction analysis because plaintiff's allegations of patent infringement arose from defendant's sending price quotes into forum state); *Beverly Hills Fan*, 21 F.3d at 1565 (an allegation that cause of action for infringement arose from defendants' shipment of accused products into forum state is usually sufficient to establish specific personal jurisdiction); *VP Intellectual Props., LLC v. IM-TEC Corp.*, 1999 WL 1125204, at *5 (D.N.J. Dec.9, 1999) (citing cases for the proposition that "the sale of patented products to buyers in the forum state creates specific personal jurisdiction over an out-of-state seller").

■ Finally, the third prong of the personal jurisdiction inquiry in patent cases implicates the principles of "fair play and substantial justice." *See Silent Drive*, 326 F.3d at 1202 (quoting *Inamed*, 249 F.3d at 1359). Relevant considerations in determining whether the exercise of jurisdiction comports with these principles include the severity of the burden on the defendant, the forum state's interests, the plaintiff's interest in obtaining relief, the judicial system's interest in efficient resolution of controversies, and the shared interests of the states in furthering fundamental social policies. *See Asahi Metal Indus. v. Superior Court of Cal.*, 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). USI claims that it will be "seriously inconvenienced" if compelled to litigate this matter in North Carolina because all of its officers and relevant records are in Maryland. (Def.'s Br. Supp. Mot. Dismiss or Change Venue at 4.) However, North Carolina has a strong interest in protecting resident patentees from patent infringement. *See Beverly Hills Fan*, 21 F.3d at 1568 (noting that state where infringement occurred has significant interests in discouraging in-state injuries and cooperating with other states to efficiently adjudicate plaintiff's patent infringement claims); *Superguide Corp. v. Kegan*, 987 F.Supp. 481, 486–87 (W.D.N.C.1997) (stating in regard to personal jurisdiction that "North Carolina has a substantial interest in the execution of contracts within this state ... solicitation of business within the state, and goods or intellectual property being licensed or sold to ... residents of the state"). Kidde also has a keen interest in adjudicating this case in its home state, as its relevant documents, witnesses, and files are located in North Carolina. Finally, because this case is governed by federal patent law, potential conflicts between the fundamental social policies of North Carolina and Maryland are not a significant factor. *See 3D Sys.*, 160 F.3d at 1380.

On balance, the burden on USI is not sufficiently compelling to outweigh Kidde's and North Carolina's interests. *See Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 429–30 (Fed.Cir.1996); *see also Beverly Hills Fan*, 21 F.3d at 1569 (finding that the burden on a New Jersey

corporation facing infringement litigation in Virginia "does not appear particularly significant" and that such a burden was not "sufficiently compelling to outweigh [plaintiff's and forum state's] interests"). Consequently, USI is subject to personal jurisdiction in North Carolina and "resides" there for purposes of the patent venue statute. Therefore, USI's motion to dismiss for improper venue will be denied.

## II. Motion to Transfer

In the alternative, USI requests that the court transfer this action to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) provides that a district court may transfer an action "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). In considering a motion to transfer under 28 U.S.C. § 1404(a), the plaintiff's choice of forum is accorded great weight. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) ("[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum."); *Collins v. Straight, Inc.,* 748 F.2d 916, 921 (4th Cir. 1984) (" '[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' ") (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). Further, a court should not transfer venue if the transfer "would simply shift the inconvenience from one party to another." *Tools USA & Equip. Co. v. Champ Frame Straightening Equip., Inc.,* 841 F.Supp. 719, 721 (M.D.N.C.1993). Pertinent factors in determining whether to transfer include the plaintiff's initial choice of venue, the residences of the parties, the ease of proof, the availability of compulsory process, the costs of obtaining attendance of willing witnesses, the relative time and expense of travel, and the interest of localized litigation. *See Burlington Indus., Inc. v. Yanoor Corp.,* 178 F.Supp.2d 562, 570 (M.D.N.C.2001).

USI asserts that it will incur significant expenses and inconvenience if compelled to litigate in North Carolina because all of its relevant documents and witnesses are located in Maryland. Kidde counters that its documents and witnesses are located primarily in North Carolina, that North Carolina has a substantial interest in hearing the dispute, that neither forum is more convenient for third party witnesses, and that transfer would merely shift the inconvenience from USI to Kidde. Upon consideration of the relevant factors and the arguments of the parties, the court does not believe that the convenience of the parties and witnesses and the interests of justice weigh strongly in favor of Maryland. Thus, transfer is inappropriate in this instance, and USI's motion to transfer this action to the District of Maryland pursuant to 28 U.S.C. § 1404(a) will be denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for improper venue will be denied, and Defendant's motion to transfer this action to the United States District Court for the District of Maryland will be denied.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## ORDER

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendant's motion [Doc. # 4–1] to dismiss for improper venue is **DENIED**.

IT IS FURTHER ORDERED that Defendant's motion [Doc. # 4–2] to transfer this action to the United States District Court for the District of Maryland is **DENIED**.