Eli **BROWN**, III Plaintiff,

v.

Michael C. **FLOWERS**, a.k.a. "Mike City," Defendant.

No. 1:02 CV 00862.

United States District Court, M.D. North Carolina.

Dec. 12, 2003.

---

Thomas Haywood Stark, Stark Law Group, PLLC, Chapel Hill, NC, for Plaintiff.

Stephen E. Robertson, Robertson & Medlin, PLLC, Greensboro, NC, Reginald K. Brown, Law Office of Reginald K. Brown, Los Angeles, CA, for Defendant.

## MEMORANDUM OPINION

TILLEY, Chief Judge.

This case is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for Improper Venue under 12(b)(3), or, alternatively, to Change Venue for Forum Non Conveniens [Doc. # 8]. For the reasons set forth below, Defendant's Motions to Dismiss for Improper Venue under Rule 12(b)(3) and to Change Venue for Forum Non Conveniens will be DENIED. Defendant's Motion to Dismiss under Rule 12(b)(6) will be GRANTED. Defendant did not address Plaintiff's state law claims in his Motion to Dismiss and these claims remain.

### I.

The allegations of the Complaint, reading all inferences in favor of the Plaintiff are as follows: Defendant Michael Flowers is a songwriter and record producer who formerly resided in Durham, North Carolina. At some time during the latter part of 1994, Mr. Flowers entered into an oral partnership agreement with Plaintiff Eli Brown through which the two would produce and distribute sound recordings. Mr. Brown provided the working capital, including recording equipment and space for a recording studio in Durham. Mr. Flowers had exclusive use of the Durham studio where he wrote and recorded nearly 500 songs. Although Mr. Brown did not personally write or perform any of the songs, he provided some level of creative input as recording engineer and producer. The agreement provided that the two men would split the profits from their recording partnership equally.

Mr. Brown and Mr. Flowers did business together under the name Hectic Records for several years. They planned to eventually incorporate their partnership, but never did so. In late 1999 or early 2000, without Mr. Brown's knowledge or approval, Mr. Flowers arranged to distribute one of the 500 songs he had recorded in the Durham studio, "I Wish," to Mr. Sean "Puffy" Combs and Mr. Carl Thomas. Mr. Thomas recorded "I Wish" in New York, adding only a brief musical interlude to Mr. Flowers' original recording, and included it on an album that eventually reached platinum status. When Mr. Brown confronted Mr. Flowers about the sale, Mr. Flowers repudiated the partnership agreement. To date Mr. Brown has not received any compensation for the sale of the song.

Since repudiating the partnership agreement, Mr. Flowers has sold at least four more songs that he had created in Durham during the Hectic Records partnership. He entered into a song writing agreement with California-based company Warner–Chappell Music, and lists himself as the sole songwriter for the four songs in question on Warner–Chappell's website. At least one of the songs in question was recorded by Ms. Sunshine Anderson in California and included on her album, an album which also achieved platinum status.

Mr. Flowers moved to Los Angeles in the early part of 2000, and continues to reside there.

Mr. Brown filed suit on October 8, 2002, alleging that Mr. Flowers violated the Copyright Act of 1976, 17 U.S.C. § 101–1101, by failing to account to him for copyright royalties. In addition to the copyright claims, Mr. Brown alleges state law claims for breach of contract, breach of fiduciary duty, fraudulent concealment, and unfair trade practices. He also seeks an accounting of partnership assets.

Mr. Flowers filed a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) and/or for Improper Venue under Rule 12(b)(3). In the alternative, he seeks a transfer of venue pursuant to 28 U.S.C. § 1404(a). Both parties attached affidavits and other documents to their briefs. With one exception, these documents will be considered for purposes of determining venue only.[1]

## II.

Mr. Flowers' Motion to Dismiss for Improper Venue will be DENIED. Under 28 U.S.C. § 1391, venue is proper in both "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [and] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."[2] The parties do not dispute that venue is proper in the Central District of Califor-

nia, where Mr. Flowers resides. In order to determine whether venue is also proper in this District, the Court must determine whether a substantial part of the events or omissions giving rise to this claim occurred in the Middle District of North Carolina.

Venue in a district may be proper where acts or omissions closely related to the legal action occurred, even if none of those acts or omissions were the act or omission that allegedly caused the injury. For example, in *Ciena Corp. v. Jarrard*, 203 F.3d 312, 315–16 (4th Cir.2000), the court held that enough closely related business contacts had occurred in a district for venue to be proper there, even though the specific acts giving rise to the suit did not occur in that district. *See also Hardee's Food Sys., Inc. v. Beardmore*, 169 F.R.D. 311, 316–17 (E.D.N.C.1996) (finding venue in North Carolina proper where franchise agreement was executed there and royalty fee payments were to be sent there).

Mr. Flowers resided in Durham, North Carolina until the early part of the year 2000. He entered into an oral agreement to record music with Mr. Brown in Durham, the oral agreement which is disputed in this lawsuit. Witnesses to the alleged partnership agreement and the working relationship between the parties reside in Durham or elsewhere on the east coast. Mr. Flowers originally recorded all

---

**1.** Generally when matters outside the Complaint are considered in a 12(b)(6) motion, the motion is converted into one for summary judgment. Fed.R.Civ.P. 12(b)(6). However, the documents provided by the parties in this case are being considered only for purposes of determining venue, with one exception to be discussed in Section III, and thus will not convert the 12(b)(6) motion into one for summary judgment.

**2.** Mr. Flowers claims that jurisdiction is based solely on diversity, because the federal

question should be dismissed under Rule 12(b)(6), but a determination of the basis of jurisdiction is not necessary to determine venue. A third basis for venue, which varies depending on whether the case is brought under diversity or federal question jurisdiction, can be invoked only "if there is no district in which the action may otherwise be brought." Because venue can be determined under each of the first two bases, the third basis is inapplicable.

of the songs which are now in dispute in a studio in Durham, and these sound recordings remain in Durham. The parties signed an agreement to incorporate their partnership in Durham.

Mr. Flowers maintains that the recordings in question were ultimately made in New York and California, and are not the same as the Durham recordings. However, the basis of this lawsuit is Mr. Brown's allegation that Mr. Flowers distributed the original Durham recordings for his own profit in violation of the parties' partnership agreement. The parties do not dispute that the songs were ultimately recorded in other states, nor do they dispute that Mr. Flowers now has a music contract in California. However, even if the final act in question is a sale or recording occurring outside of the state, the primary focus of this lawsuit is whether Mr. Flowers sold any recordings from the original Durham recordings, and whether any such sales violated any agreement between Mr. Brown and Mr. Flowers. As the contract in question and the recordings in question are the very things giving rise to this cause of action, and as both of these occurred in Durham, venue is proper in the Middle District of North Carolina.

## III.

In addition to the Motion to Dismiss for Improper Venue, Mr. Flowers has moved "to transfer this action for forum non conveniens pursuant to 28 U.S.C. § 1404(a)." Because the federal venue transfer statute, 28 U.S.C. § 1404(a), provides a district court with greater discretion to transfer an action to a more appropriate venue than allowed by the doctrine of forum non conveniens, the Supreme Court has suggested that "the federal [common-law] doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad." *Am. Dredging Co. v.*

*Miller,* 510 U.S. 443, 449 n. 2, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994). Further, Mr. Flowers has specifically moved to transfer pursuant to § 1404(a), and not to dismiss pursuant to the forum non conveniens doctrine, therefore the Court will decide the motion as one brought under the § 1404(a) transfer provision.

When considering a motion to transfer under 28 U.S.C. § 1404(a), district courts should consider the following discretionary factors:

(1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

*Plant Genetic Sys. N.V. v. Ciba Seeds,* 933 F.Supp. 519, 527 (M.D.N.C.1996). Unless the balancing of these factors weighs strongly in favor of the defendant, the plaintiff's choice of forum generally should not be disturbed. *Collins v. Straight, Inc.,* 748 F.2d 916, 921 (4th Cir.1984). A court also should not transfer venue where doing so would only shift the inconvenience to another party. *Tools USA & Equip. Co. v. Champ Frame Straightening Equip., Inc.,* 841 F.Supp. 719, 721 (M.D.N.C.1993).

For the reasons stated in Section II, venue is proper in the Middle District of North Carolina. Venue will not be transferred to the Central District of California because the balance of the § 1404(a) discretionary factors weigh in favor of Mr. Brown's choice of venue. The disputed songs and other relevant evidence and witnesses are located in or near this district. The contract in question will be interpreted under North Carolina law. Although Mr. Flowers has since moved to California, and there may be witnesses to Mr. Flowers' current music contract who also reside in California, a transfer of venue would only shift the inconvenience from Mr. Flowers to Mr. Brown. Therefore, this Court will not disturb Mr. Brown's choice of venue. Mr. Flowers' Motion to Dismiss for Improper Venue or, alternatively, to Transfer Venue is DENIED.

## IV.

Having decided that this case is properly before the Court, an analysis of the substantive claims is proper. Mr. Flowers moved to dismiss Mr. Brown's copyright claim pursuant to Rule 12(b)(6) for failure to state a claim. The Fourth Circuit has stated that "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present." *Wolman v. Tose,* 467 F.2d 29, 33 n. 5 (4th Cir.1972). The Supreme Court has recently held that a complaint need not forecast evidence sufficient to establish a plaintiff's claim. *Swierkiewicz v. Sorema,* 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). However, the Fourth Circuit does not read *Swierkiewicz* as removing a plaintiff's burden "to set forth facts sufficient to allege each element of his claim." *Bass v. Dupont,* 324 F.3d 761, 765 (4th Cir.2003).

Mr. Flowers' Motion to Dismiss characterizes the Complaint as one for copyright infringement, and concludes that the Complaint fails to state a claim. Mr. Flowers argues that Mr. Brown's copyright claim must fail because Mr. Brown failed to allege registration of the copyrighted recordings pursuant to 17 U.S.C. § 411(a), and because co-owners cannot sue each other for infringement. However, Mr. Brown is not bringing an infringement action. Instead, he alleges that the partnership had ownership rights in the songs created in the Durham studio, and that Mr. Flowers has a duty to account to the partnership for any profits received from their sale.

Mr. Brown could establish ownership rights in the songs in question if either (1) he or the partnership were deemed the original authors and owners of the works under 17 U.S.C. § 201, or (2) if Mr. Flowers transferred ownership of the copyrighted works to the partnership under 17 U.S.C. § 204(a). Because Mr. Brown has failed to allege facts which could establish his ownership rights to the songs in question under either method, Mr. Flowers' Motion to Dismiss all copyright claims to the songs will be GRANTED.

### A.

The first method for Mr. Brown to establish ownership rights under § 201 is to claim to be a joint author of the works, and thereby entitled to an undivided ownership in the whole. Parties are deemed joint authors when they prepare a work "with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. The contributions of each party to the final product need not be equal in order for the parties to be joint authors. 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright,* § 6.07 (1990).

However, one cannot become a joint author by merely contributing ideas toward the project. *Id.*

In addition to the statutory definition, courts have developed several tests for determining whether parties are joint authors. While the Fourth Circuit has not specifically addressed the issue, the Ninth Circuit recently suggested three criteria for determining, in the absence of a contract, whether a contributor should be considered a joint author: (1) whether he controls the work and " 'creates, or gives effect to the idea,' " (2) whether the parties have objectively manifested an intent to be coauthors, and (3) whether "the audience appeal of the work turns on both contributions and 'the share of each in its success cannot be appraised.' " *Aalmuhammed v. Lee,* 202 F.3d 1227, 1234 (9th Cir.2000) (internal citations omitted). The Second Circuit instead found only two essential requirements for joint authorship: (1) that each author make an independently copyrightable contribution, and (2) that the parties objectively intend to be coauthors. *Childress v. Taylor,* 945 F.2d 500 (2d Cir. 1991).

■■■ Regardless of the test employed, courts agree that a party must make some original contribution, one which is more than de minimus. *Nimmer* at § 6.07. The only reference in Mr. Brown's Complaint to his creative contribution is the following statement: "[Mr. Brown] worked as a recording engineer and producer of the tracks produced pursuant to the Hectic Records partnership." (Compl. at 2–3.) The Complaint later concludes that throughout the partnership, "Brown and Flowers were effectively joint owners of all music developed and recorded pursuant to that partnership agreement and copyrights to the music were the property of the Hectic Records partnership." (Compl. at 5.) These facts and conclusions are not sufficient to allege a claim for joint ownership.

■■■ A second method by which Mr. Brown could establish original ownership rights in the Durham recordings is if the recordings were works made for hire. A "work made for hire" is either "a work prepared by an employee within the scope of his or her employment," or a specially commissioned work. 17 U.S.C. § 101. Where a work is one for hire, the employer holds the copyright in the work unless the parties agree otherwise in writing. 17 U.S.C. § 201(b). Mr. Brown has not alleged that Mr. Flowers was specially commissioned to write songs for him. Instead, at issue is whether Mr. Flowers prepared the songs as an employee of the partnership. Partners are not generally regarded as employees of partnerships. See e.g., *Auld v. Law Offices of Cooper, Beckman.& Tuerk,* 981 F.2d 1250 (4th Cir.1992) (unreported) (finding that partners are not employees for Title VII purposes); *CIR v. Doak,* 234 F.2d 704 (4th Cir.1956) (finding that partnership and partners are the same legal entity, and thus partners cannot be employees for tax purposes). Mr. Brown has not alleged any relationship between the parties other than that of equal partners with separate duties, and hence has not alleged an employer/employee relationship.[3] Therefore, he has not sufficiently alleged ownership via the work-for-hire doctrine.

---

**3.** Whether an artist is an employee as opposed to an independent contractor is determined under common law agency principles. *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 750–52, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989). The critical element of an employer/employee relationship is the right of the principal to control the employee. *Gordon v. Garner,* 127 N.C.App. 649, 658–59, 493 S.E.2d 58, 63 (1997).

**B.**

Not only has Mr. Brown failed to state a claim for original copyright ownership, he has not alleged an effective transfer of copyright ownership from Mr. Flowers. 17 U.S.C. § 204(a) provides that copyright ownership may only be transferred by means of a written instrument signed by the copyright owner, or by operation of law. Mr. Brown's Complaint references only two agreements—an oral partnership agreement, and a written agreement to later incorporate that partnership. However, the facts in the Complaint do not support a finding that either of these agreements comply with the requirements for transfer.

The oral partnership agreement clearly does not meet the requirements for a written transfer. The agreement to incorporate the partnership, while written, also does not meet the requirements for transfer. The requirements of a writing under § 204(a) have been found similar to the requirements under the Statute of Frauds, including a requirement that the writing identify the subject matter. *See e.g., Imperial Residential Design, Inc. v. Palms Dev. Group, Inc.,* 70 F.3d 96 (11th Cir. 1995). Mr. Brown's Complaint fails to allege any facts from which one could infer that the agreement to incorporate the Hectic Records partnership addressed any assignment of copyrights from Mr. Flowers to Mr. Brown. Further, a review of the written agreement itself[4] confirms that the agreement makes no mention of any copyright ownership, or of any transfer of copyright ownership.

Because Mr. Brown has not sufficiently alleged that he was an original owner of the songs in question, or that Mr. Flowers transferred any rights to him, Mr. Flowers' Motion to Dismiss is GRANTED.

**V.**

For the reasons stated above, the Defendant's Motion to Dismiss for Improper Venue under Rule 12(b)(3) will be DENIED. Defendant's Motion to Transfer Venue will be DENIED. Defendant's Motion to Dismiss Mr. Brown's copyright claims pursuant to Rule 12(b)(6) will be GRANTED. Mr. Flowers has not moved to dismiss any of Mr. Brown's state law claims and these claims remain.

**ORDER**

For the reasons set forth in a contemporaneously filed Memorandum Opinion, the Defendant's Motions to Dismiss for Improper Venue under Rule 12(b)(3) and to Change Venue for Forum Non Conveniens are DENIED. Defendant's Motion to Dismiss under Rule 12(b)(6) is GRANTED. Defendant did not address Plaintiff's state law claims in his Motion to Dismiss and these claims remain.

---

**4.** This agreement is the one attached document that will be substantively considered for 12(b)(6) purposes. When a document is integral to and relied on in the Complaint, and neither party disputes its authenticity, the Court may consider that document without converting the motion into one for summary judgment. *Phillips v. LCI Intern., Inc.,* 190 F.3d 609, 618 (4th Cir.1999). Here the Complaint relies on the written agreement as a method of establishing ownership and, as both parties have attached copies of the written agreement, there appears to be no dispute as to its authenticity. Therefore the Court may consider the document without converting the motion to one for summary judgment.