PER CURIAM:
In the present civil action based upon federal question jurisdiction, Eli Brown, III (Plaintiff) sued Michael Flowers (Defendant) for violation of the Copyright Act of 1976 (the Copyright Act), Pub.L. No. 94-553, 90 Stat. 2541 (1976), breach of contract under North Carolina common law, fraudulent concealment under North Carolina common law,* breach of fiduciary duty under North Carolina common law, and violation of North Carolina’s statutory prohibition against unfair and deceptive trade practices, N.C. Gen.Stat. §§ 75-1.1 et. seq. Additionally, Plaintiff alleged a claim seeking a partnership accounting under the North Carolina Uniform Partnership Act, N.C. GemStat. § 59-52.
Defendant moved to dismiss the entire complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)). Although the district court granted Rule 12(b)(6) dismissal of Plaintiffs federal copyright claim, it allowed Plaintiffs remaining state law claims to proceed. Defendant subsequently moved for summary judgment on the remaining state law claims, which motion the district court granted in toto.
Plaintiff noted this timely appeal. On appeal, Plaintiff challenges the district court’s Rule 12(b)(6) dismissal of his federal copyright claim and the district court’s entry of summary judgment in favor of Defendant with respect to his remaining state law claims.
Our review of the district court’s Rule 12(b)(6) dismissal of the Plaintiffs federal copyright claim is de novo and focuses only on the legal sufficiency of the complaint. Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P’ship, 213 F.3d 175, 180 (4th Cir.2000). A complaint need not “forecast evidence sufficient to prove an element” of the claim. Iodice v. United States, 289 F.3d 270, 281 (4th Cir.2002). Rather, the complaint need only allege facts sufficient to state the substantive elements of the claim. Id. In conducting our de novo review of the sufficiency of a complaint to state a claim for relief under Rule 12(b)(6), we “take the facts in the light most favorable to the plaintiff,” but “we need not accept the legal conclusions drawn from the facts,” and “we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.” Eastern Shore Mkts., 213 F.3d at 180.
Whether a party was entitled to summary judgment is a question of law, which we review de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988). Summary judgment is appropriate when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c). In reviewing a district court’s grant of summary judgment, we must construe the *181 facts in the light most favorable to the non-moving party, here, Plaintiff. Smith v. Virginia Commonwealth Univ., 84 F.3d 672, 675 (4th Cir.1996) (en banc).
Having thoroughly reviewed the district court’s opinions and the parties’ briefs and submissions on appeal, and having heard oral argument in this case, we conclude that the district court did not err in granting Rule 12(b)(6) dismissal of Plaintiffs federal copyright claim, nor did it err in granting summary judgment in favor of Defendant with respect to Plaintiffs remaining state law claims. We, therefore, affirm on the reasoning of the district court. Brown v. Flowers, C/A No.: 1:02-CV-00862 (M.D.N.C. Sept. 14, 2005) (granting Defendant’s motion for summary judgment with respect to all state law claims); Brown v. Flowers, 297 F.Supp.2d 846, 851-53 (M.D.N.C. Dec.12, 2003) (granting Rule 12(b)(6) dismissal of federal copyright claim).
Finally, we are compelled to respond to two points made by the dissent. First, even assuming arguendo, as the dissent would recognize, that an individual who, in collaboration with another, provides a substantial original contribution to a copyrightable work qualifies for authorship status in the joint-work context of the Copyright Act, Plaintiffs complaint fails to state, for Rule 12(b)(6) purposes, a copyright claim in the joint-work context. Contrary to the dissent’s assertion otherwise, Plaintiffs complaint does not allege “that he made significant engineering contributions in producing Flowers’s R & B recordings.” Post at 24. In fact, Plaintiffs complaint lacks even a single allegation that he made any creative, original, or expressive contribution to the song recordings at issue. Rather, at most, Plaintiffs complaint generically alleges that he acted as a recording engineer and producer of the songs at issue. In an attempt to morph this generic allegation into one of significant creative contribution able to withstand Defendant’s Rule 12(b)(6) motion, the dissent relies upon Plaintiffs detailed explanations in his appellate briefs (opening and reply) regarding the substantially creative role that a recording engineer and producer plays in recording a song of the rhythm and blues genre. Clear precedent requires that the allegations to be considered in ruling on a Rule 12(b)(6) motion be alleged in the complaint, with no exception for consideration of embellishments and explanations offered in an appellate brief. See Iodice v. United States, 289 F.3d 270, 281 (4th Cir.2002) (dismissing negligence claim pursuant to Rule 12(b)(6) because complaint did not allege facts sufficient to state all elements of negligence claim).
Second, we note the dissent’s wholly misplaced reliance upon Plaintiffs affidavit, executed February 5, 2003 (Plaintiffs February 2003 Affidavit), as creating a genuine issue of material fact as to whether Defendant copyrighted and licensed recordings that were assets of the Hectic Records Partnership. The dissent essentially relies upon this affidavit as the sole pillar of evidentiary support in favor of its position that the district court erred in granting summary judgment in favor of Defendant with respect to Plaintiffs state law claims for a partnership accounting/breach of contract, breach of fiduciary duty, and unfair and deceptive trade practices.
There are two significant problems with the dissent’s reliance upon Plaintiffs February 2003 Affidavit. First, Plaintiff never submitted this affidavit to the district court in opposition to Defendant’s summary judgment motion, nor did Plaintiff refer to it in his January 20, 2005 memorandum in opposition to such motion or do anything else to alert the district court *182 that the affidavit existed. Accordingly, although Plaintiff had, almost two years pri- or, submitted his February 2003 Affidavit to the district court in opposition to a change of venue motion brought by Defendant, the district court had no notice that it should consider such affidavit in assessing the merits of Defendant’s summary judgment motion. Under Federal Rule of Civil Procedure 56(e), if Plaintiff wanted certain evidence considered in opposition to Defendant’s summary judgment motion, Plaintiff was required to point it out to the district court. Fed.R.Civ.P. 56(e) (“When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party’s pleading, but the adverse party’s response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.”). See also Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1030-31 (9th Cir.2001) (affirming grant of summary judgment in favor of defendant despite existence in record of plaintiffs genuine-issue-of-material-fact-creating sworn declaration, filed two years prior, in response to unrelated motion, because circuit precedent, which follows majority view, holds that “district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein”); Accord id. at 1031 (district court need not examine entire file for evidence establishing a genuine issue of fact, where evidence is not set forth in opposition papers to motion for summary judgment with adequate references so evidence can be conveniently found); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir.1998) (same); Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir.1994) (same); L.S. Heath & Son, Inc. v. AT & T Info. Sys., Inc., 9 F.3d 561, 567 (7th Cir.1993) (same); Guarino v. Brookfield Township Trustees, 980 F.2d 399, 404-06 (6th Cir.1992) (same). Because Plaintiff failed to put the district court on notice that he wanted the district court to consider his February 2003 Affidavit in assessing the merits of Defendant’s summary judgment motion, we cannot now fault the district court for failing to consider it. To hold otherwise would encourage parties to sandbag the district court.
The second significant problem with the dissent’s reliance upon Plaintiffs February 2003 Affidavit is that the contents of such affidavit are too vague and conclusory to create a genuine issue of material fact to stave off Defendant’s summary judgment motion. See Causey v. Balog, 162 F.3d 795, 802 (4th Cir.1998) (affirming grant of summary judgment because plaintiffs “conclusory statements, without specific evidentiary support,” were insufficient to create a genuine issue of fact). For example, Plaintiff conclusorily asserts in his February 2003 Affidavit that “[t]he form and substance of T Wish’ and ‘Lunch or Dinner’ and literally hundreds of other songs resulted from work done for the Hectic Records partnership by Flowers and I.” (J.A. 61). This assertion is nothing more than the type of conclusory allegation that is made in a party’s complaint at the initial pleading stage of litigation. At the summary judgment stage, however, specific evidentiary support is needed to support such a conclusory assertion. Causey, 162 F.3d at 802. For a second example, Plaintiffs February 2003 Affidavit asserts that he has in his possession CDs recorded in his Durham studio that show, what he vaguely opines to be, only “minor alterations” between the commercially released versions of “ T Wish’ ” and “[‘]Lunch or Dinner’ ” and the versions recorded in his Durham studio. (J.A. 61). Plaintiffs February 2003 Affi *183 davit does not offer even a single example of what he deems a minor alteration and the record is otherwise devoid on the point. Indeed, Plaintiff did not, as far as the record reveals, submit as evidence the CDs to which he refers as the proof supporting the most basic allegations of his lawsuit. See Beale v. Hardy, 769 F.2d 213, 214 (4th Cir.1985) (explaining that the party opposing summary judgment “cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another”). In sum, Plaintiffs case lacked sufficient evidence for a jury to find in his favor with respect to his state law claims.
In conclusion, we affirm.

AFFIRMED

 With respect to the fraudulent concealment claim, Plaintiff pled an alternative cause of action alleging negligent misrepresentation under North Carolina common law.