**RED BULL GMBH, and Red Bull North America, Inc., Plaintiffs,**

v.

**RLED, LLC, Roaring Lion Energy Drink International, Inc., and Aquanote Beverage Distributors, LLC, Defendants.**

**No. 1:05cv762.**

United States District Court,
M.D. North Carolina.

Sept. 18, 2007.

---

James Donald Cowan, Jr., Dixie Thomas Wells, Smith Moore, L.L.P., Greensboro, NC, Catherine R. Rowland, Celine Jimenez Crowson, M. Scott Stevens, Raymond A. Kurz, Hogan & Hartson L.L.P., Washington, DC, for Plaintiffs.

Matthew W. Sawchak, Stephen C. Keadey, Ellis & Winters, LLP, Raleigh, NC, Peter D. Raymond, Reed Smith LLP, New York, NY, Stephen P. Murphy, Reed Smith, LLP, Washington, DC, for Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

N. CARLTON TILLEY, JR., District Judge.

On June 7, 2006, Magistrate Judge Russell A. Eliason filed his Recommendation [Doc. # 14] that the Defendants' Motion to Dismiss, or in the alternative, Motion to Transfer Venue [Doc. # 4] be denied. On June 8, 2006, the parties were sent electronic notification of the Recommendation filing. Defendants RLED, LLC, Roaring Lion Energy Drink International, Inc., and Aquanote Beverage Distributors, LLC, timely filed Objections to the Recommendation on June 26, 2006 [Doc. # 16], and Plaintiffs Red Bull GmbH and Red Bull North America, Inc., filed a Response on July 14, 2006 [Doc. # 17].

The Court has reviewed de novo the Recommendation of the Magistrate Judge and adopts that Recommendation. Thus, for the reasons set out in the Recommendation, the Defendant's Motion to Dismiss, or in the alternative, Motion to Transfer Venue [Doc. # 4] is DENIED.

## RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

RUSSELL A. ELIASON, United States Magistrate Judge.

This case involves two competing energy drinks, Red Bull and Roaring Lion. It comes before the Court on defendants' motion to dismiss the Complaint under Fed. R.Civ.P. 12(b)(3) and (b)(6) or in the alternative for a transfer of venue to the Eastern District of North Carolina under 28 U.S.C. § 1404(a).

### FACTS

The facts of the case taken primarily from the Complaint are as follows.

Red Bull GmbH is an Austrian company which offers the Red Bull energy drink (Red Bull) for sale world-wide. Its wholly owned subsidiary, Red Bull North America, Inc., is a California corporation which offers Red Bull for sale in the United States. RLED, LLC, is a California company, as is Roaring Lion Energy Drink International, Inc. Aquanote Beverage Distributors, LLC, is a North Carolina company with an address in Apex, North Carolina.

Red Bull was originally introduced in Austria in 1987 and has achieved global success. Plaintiffs have spent in excess of 849 million dollars on advertising, marketing, and promoting Red Bull in the United States since 1996. In connection with this marketing, Red Bull GmbH has received copyright registrations from the U.S. Copyright Office on two versions of the "Red Bull Product Statement." The text of these registrations are set out below:

RED BULL Energy Drink ● Improves performance especially during times of increased stress or strain ● increases endurance ● improves concentration and increases reaction speed ● stimulates the metabolism and helps to eliminate waste substances from the body. Red Bull's effects have been recognized by professional athletes, stressed students, busy managers, and long distance drivers around the world. Not recommended for children.

RED BULL Energy Drink ● Improves performance, especially during times of increased stress or strain ● increases endurance ● increases concentration and improves reaction speed ● stimulates the metabolism.

Red Bull GmbH is the owner of the RED BULL word mark (trademark). Red Bull has used this mark continuously since its launch in the United States in 1996.

The RLED defendants manufacture, advertise, and market the Roaring Lion energy drink (Roaring Lion) in the United States and the Middle District. A job advertisement placed by the RLED defendants stated that Roaring Lion was founded by original Red Bull staff who took the recipe and started their own company. Aquanote advertises, promotes and distributes Roaring Lion in the United States and in the Middle District, and has done so since late 2003. The RLED defendants' website states that Roaring Lion:

† Increases performance, especially during times of stress or strain

† Improves endurance

† Improves concentration and reaction speed

† Activates the metabolism

The Roaring Lion bottle label states that the drink:

● Increases performance, especially during times of increased stress or strain.

● Improves endurance.

● Activates the metabolism.

● Improves concentration and reaction speed.

Aquanote's website includes the following statement regarding Roaring Lion:

† Increases performance, especially during times of stress or strain

† Improves endurance

† Improves concentration and reaction speed

† Activates the metabolism

The website of the RLED defendants also contains metadata including the words "red bull." Metadata is the source code of a website that, while invisible to visitors of the website, defines the appearance of the site and identifies terms for search engines. This website also claims that Roaring Lion has the same ingredients in the same quantities (per finished drink) as Red Bull and that Roaring Lion provides the same benefits as Red Bull. The RLED defendants employ or contract with sales people and distributors to sell Roaring Lion while advertising Roaring Lion to be the exact same product as Red Bull. In addition to selling Roaring Lion as a bottled drink, defendants sell it in a bag to be mixed with carbonated water at the point of retail sale and dispensed through a bar gun.

### CLAIMS

Plaintiffs raise seven claims. Their first claim is for copyright infringement under the Copyright Act, 17 U.S.C. § 501, *et seq.* Plaintiffs allege that defendants copied the Red Bull product statement which plaintiffs own, causing plaintiffs to suffer losses. Plaintiffs second claim is for federal false advertising under 15 U.S.C.

§ 1125(a)(1)(B). They claim that the defendants use false and/or misleading descriptions and/or representations of fact in their advertising with respect to the qualities of both drinks. Plaintiffs allege that they have suffered losses due to these actions.

The third cause of action is for federal unfair competition or passing off under 15 U.S.C. § 1125(a)(1)(A). Plaintiffs allege that defendants have encouraged or furthered the passing off of Roaring Lion as Red Bull causing plaintiffs to suffer losses. Plaintiffs' fourth claim is again for unfair competition by the defendants' use of the Red Bull name in the metatag or metadata of their website and by making false statements of fact and passing off.

Plaintiffs' remaining claims are made pursuant to North Carolina law. The fifth claim is for unfair competition and unfair or deceptive acts under N.C. Gen.Stat. § 75–1.1. The basis for the claim is defendants' alleged improper use of the Red Bull product statement, infringing of the Red Bull trademark, false and misleading descriptions and passing off of Roaring Lion. Plaintiffs' sixth claim for relief is for unfair competition under North Carolina common law. The acts that this claim are based on are essentially the same as the acts relied upon in the preceding claim. Finally, plaintiffs' seventh claim is for trademark infringement under North Carolina common law. This claim is based on defendants' alleged use of the Red Bull trademark as a metatag and the passing off of Roaring Lion as Red Bull.

Plaintiffs seek declaratory relief and injunctive relief. They also ask for damages including trebled damages under the respective statutes, punitive damages, and costs.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) cannot

succeed " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.' " *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Further, the Court must assume that the allegations in the Complaint are true and construe them in the light most favorable to plaintiff. *Id.*

When deciding a motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3), the Court draws all inferences in favor of the plaintiff, and the facts must be viewed as the plaintiff most strongly can plead them. *Three M Enter., Inc., v. Texas D.A.R. Enter., Inc.,* 368 F.Supp.2d 450, 454 (D.Md.2005). The general venue statute, 28 U.S.C. § 1391, applies in this case to all claims except the first claim for copyright infringement which is controlled by 28 U.S.C. § 1400(a).

## DISCUSSION

### Venue

The Court will first address defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(3) for improper venue in this district. Plaintiff asserts that venue is proper under section 1391(b)(2) and (3) for all of its claims except the first. For venue to be proper in this district under subsection (b)(2), this district must be one "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Defendants contend that plaintiffs have failed to allege that a substantial part of the events or omissions giving rise to their claims occurred in this district, and that the facts do not support such a finding. Plaintiffs contend that they have met their burden by alleging that defendants sell Roaring Lion to vari-

ous eating and drinking establishments in this district, and actively encourage and further the unlawful passing off of Roaring Lion as Red Bull in this district.

■ Substantial activities may occur in other districts without disqualifying this district as a proper venue, so long as "substantial" activities occurred in this district also. *Hardee's Food Sys. Inc., v. Beardmore,* 169 F.R.D. 311, 316 (E.D.N.C.1996). Indeed, even if more substantial or the most substantial activities took place elsewhere, this district would not be disqualified. *Id.*

■ Plaintiffs allege that their claims "arise from Defendants' acts or omissions in the United States and in this District" and that defendants have "purposefully directed their activities to residents in the United States and in this District." (Complaint ¶ 10) Therefore, there are apparently activities occurring in both this district and other parts of the United States which underlie these claims. It is true that plaintiffs fail to allege that a "substantial part" of the events giving rise to the claims are occurring in this district. However, it may be inferred from plaintiffs' allegations and showings that Roaring Lion drink is being sold in many establishments in at least two cities in this district. (Pl's brief in opposition, John Shoenfelt affidavit) It may also be inferred that Aquanote is distributing the drink to these establishments, and that its "biggest customer" for Roaring Lion is located in this district. (*Id.*) The "passing off" of Roaring Lion as Red Bull is allegedly occurring in this district. (*Id.*)

A court has noted that the district where the passing off allegedly occurred "pro-vides an obviously correct venue." *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir.1995). Furthermore, even if activities occurring outside this district were more numerous than those occurring within this district, this district is not an improper venue by virtue of this fact.[1] *Hardee's Food Sys.,* 169 F.R.D. at 316. Giving plaintiffs all of the inferences properly due them at this stage of the case, the Court finds that "a substantial part of the events or omissions giving rise to the claim[s]" occurred in this district. 28 U.S.C. § 1391(b)(2). Venue in this district is therefore proper for counts two through seven.[2]

■ The proper venue for the copyright infringement claim is controlled by 28 U.S.C. § 1400(a). This statute provides that for such claims the action "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Courts interpret "may be found" as meaning a district which may assert personal jurisdiction over the defendant. *See Palmer v. Braun,* 376 F.3d 1254, 1259–60 (11th Cir. 2004). Defendants have accepted service of process from this district and have not made a motion under Fed.R.Civ.P. 12 to dismiss for lack of personal jurisdiction, for insufficiency of process or for insufficiency of service of process. They have therefore waived these defenses. Fed. R.Civ.P. 12(h)(1). Given these waivers, defendants have consented to personal jurisdiction in this action and are "found" in this district for purposes of 28 U.S.C. § 1400(a). *Palmer,* 376 F.3d at 1260.

■ Alternatively, personal jurisdiction has been established. This Court may

---

**1.** Defendants claim that Aquanote accounts for approximately three percent of total sales of Roaring Lion during the period of January to September 2005. (Def's Reply br., p. 5)

**2.** Given this conclusion, the Court finds no need to examine whether venue is appropriate under subsection (b)(3).

assert personal jurisdiction over the defendants if authorized by the North Carolina long-arm statute and if it comports with due process. *Christian Science Bd. of Dirs. of First Church of Christ v. Nolan,* 259 F.3d 209, 215 (4th Cir.2001). North Carolina's long-arm statute, N.C. Gen.Stat. § 1–75.4, is construed to extend jurisdiction to the full extent allowed by due process. *Id.* Therefore, the requirements for specific jurisdiction merge and the test focuses on three factors: (1) to what extent did defendants "purposefully avail" themselves of the privileges of conducting activities in North Carolina and thus invoke the benefits and protections of North Carolina law; (2) did plaintiffs claims arise out of those North Carolina-related activities; and (3) is the exercise of jurisdiction constitutionally "reasonable." *Id.* at 216.

According to the allegations in the Complaint and those inferences which may be drawn from it, defendants have "purposefully availed" themselves of the privilege of conducting activities in North Carolina by contracting with Aquanote as a distributor and Aquanote's selling of Roaring Lion to establishments within the state and advertising the product within the state. *See* Complaint ¶¶ 10, 11. Plaintiffs' copyright claim arises out of these activities because it is in the advertising and selling that the infringement allegedly arises. *See id.* ¶¶ 22, 23, 24.

Finally, the exercise of jurisdiction is "reasonable" in a constitutional sense because North Carolina would have an interest in deterring copyright infringement occurring within the state and there appears to be no extreme inconvenience to defendants to have to defend this suit in North Carolina. *See Christian Science Bd. of Dirs.,* 259 F.3d at 217–18 (analyzing these factors with similar results). It appears that many if not most of the witnesses at a trial would come from North Carolina, and

one of the defendants is a North Carolina distributor for the allegedly infringing product. Defendants having to defend this suit in North Carolina does not offend "traditional conception of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Accordingly, venue is proper in this district for claim one.

■ Defendants also seek transfer of the case to the Eastern District of North Carolina even if venue is proper in this district. This court may transfer the case under 28 U.S.C. § 1404(a). Certain factors are usually considered in making this determination such as the plaintiff's initial choice of forum, relative ease of access to sources of proof, and costs in obtaining witnesses. *Brown v. Flowers,* 297 F.Supp.2d 846, 850 (M.D.N.C.2003). Unless these factors weigh strongly in favor of the defendant, the plaintiff's choice of forum should be respected. *Id.*

Here, the relevant factors weigh in favor of keeping the case in this district. Plaintiff has identified establishments in this district from which witnesses would presumably be called during a trial. Aquanote is based in Wake County in the Eastern District, but that county is on the boundary between districts so the burden on its employees to come to the Middle District is not great. Accordingly, the court finds that the relevant factors do not weigh in favor of transferring venue.

Defendants' motions to dismiss for improper venue or to transfer venue to the Eastern District should be denied.

### Motion to dismiss for failure to state a claim

Defendants move for dismissal of claims one, four, and five through seven for failure to state a claim for relief under Fed. R.Civ.P. 12(b)(6). The first claim is that defendants have infringed the copyright of

plaintiffs by use of the Red Bull product statement. (Complaint p. 16) Defendants allege that this claim fails to state a cause of action because "quoting a competitor's product claims in an advertising campaign that compares product attributes constitutes non-actionable fair use." (Br. in support of motion to dismiss, p. 12) Defendants are therefore basing their motion to dismiss on the defense of fair use.

■ The problem with this argument is that dismissal of the claim is not warranted simply because defendants may have a defense to it. "A motion to dismiss tests only the legal adequacy of the complaint, not the merits of an affirmative defense." *Alston v. North Carolina A & T State Univ.*, 304 F.Supp.2d 774, 780 n. 5 (M.D.N.C.2004). An affirmative defense may be raised at this juncture only if it appears on the face of the complaint. *Id.* A "fair use" defense is by its nature very fact-specific because in deciding the issue a court must delve into issues such as the purpose and character of the use, the amount of the portion used in relation to the copyrighted work as a whole, and the effect of the use on the market for the copyrighted work. *Bond v. Blum,* 317 F.3d 385, 394 (4th Cir.2003). The alleged fair use in this case is not apparent from the face of the complaint. Accordingly, the parties have needlessly expended much effort in arguing the applicability of the fair use defense in this case. The motion to dismiss plaintiffs' first claim for relief should be denied.

■ Plaintiffs' fourth claim for relief is for federal unfair competition. (Complaint p. 21) It is based on the defendants allegedly using the Red Bull trademark as a metatag, misrepresenting facts, and passing off or encouraging the passing off of Roaring Lion as Red Bull. *Id.* at 21–22. Defendants move to dismiss this claim to the extent it is based on the use of the words "red bull" in defendants' metatag. (Def's br. in support of motion to dismiss, p. 16) Defendants contend that the use is "mere nominative, referential or descriptive use" which is not likely to cause confusion among consumers. *Id.* This argument, like the one above, goes to the merits of the claim rather than whether a claim has been stated in the Complaint. Plaintiffs allege that the activities "are likely to cause confusion and to deceive the public" to believe that defendants' goods originate with or are sponsored by Red Bull. (Complaint pp. 21–22) The plaintiffs have therefore adequately alleged this aspect of an unfair competition claim. *See Lamparello v. Falwell,* 420 F.3d 309, 313 (4th Cir.2005) (listing elements of trademark infringement claim), *cert. denied,* 547 U.S. 1069, 126 S.Ct. 1772, 164 L.Ed.2d 516 (2006). The motion to dismiss this claim should be denied.

■ The basis for defendants' motion to dismiss claims five through seven (claims based on North Carolina law) is that California law, rather than North Carolina law, governs this dispute. (Def's br. in support of motion to dismiss, p. 17) Defendants cited *United Dominion Industries, Inc. v. Overhead Door Corp.,* 762 F.Supp. 126 (W.D.N.C.1991), for the proposition that if a plaintiff miscites the applicable law as the basis for a cause of action, this requires, or at least authorizes, dismissal of the claim. This assertion is highly dubious at best and the Court rejects it. *C & F Packing Co., Inc. v. IBP, Inc.,* 224 F.3d 1296 (Fed.Cir.2000)(incorrect citation of law does not warrant dismissal for failure to state a claim.)

Moreover, plaintiffs correctly cite North Carolina as the controlling law. The parties agree that the Fourth Circuit favors the choice-of-law test known in this state as the "most significant relationship" test.

(*Id.*, p. 18; Pl's br. in opposition, p. 18) Under this test the court determines which state has the most significant relationship to the occurrences giving rise to the action and applies its laws. *Food Lion, Inc., v. Capital Cities/ABC, Inc.*, 951 F.Supp. 1224, 1228 (M.D.N.C.1996).

Defendant contends that California has the most significant relationship to the events of this action because Red Bull's U.S. subsidiary and the Roaring Lion defendants have their business addresses in California. (Def's br. in support of motion to dismiss, p. 18) The companies are organized under California law as well. Defendants also point out that plaintiffs complain of infringing conduct throughout the United States and fail to allege any harm that focuses on North Carolina.

Plaintiffs counter, however, that Aquanote resides in North Carolina and RLED purposefully does business with Aquanote in North Carolina. The Complaint alleges that the events giving rise to the claims are occurring in North Carolina. The Complaint does not specifically set out any similar events that occurred in California. On balance, North Carolina has the most significant relationship to the events giving rise to the claims stated. Thus, North Carolina law applies to claims five through seven. Defendants' motion to dismiss on the basis that these claims are controlled by California law should be denied.

Finally, defendants contend that the fifth claim under N.C. Gen.Stat. § 75–1.1 has an additional fatal defect in that applying it would violate due process because the Complaint fails to allege any substantial effect on plaintiffs' operations in North Carolina. (Def's br. in support of motion to dismiss, p. 19) It is true that the fifth claim as alleged complains only generally of the allegedly improper acts of defendants and the harm being caused to plaintiffs. However, the claim incorporates the preceding paragraphs of the Complaint. These paragraphs allege, among other things, that defendants are conducting business in North Carolina, that the claims arise from defendants' acts in North Carolina, and that these acts have damaged Red Bull and its property in North Carolina. (Complaint ¶ 10) The preceding paragraphs also set out the type of activities that defendants are allegedly engaged in such as making false or misleading statements for the purpose of influencing persons to buy Roaring Lion. (*Id.* ¶¶ 33–34) Thus, a substantial effect on plaintiffs' operations in North Carolina may be inferred. This aspect of defendants' motion to dismiss should be denied.

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss or in the alternative to transfer venue (docket no. 4) be denied.

Dated June 7, 2006.